UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | 2:15-cv-01174-JRG-RSP |
| v. | § | |
| | § | |
| CIGNA CORPORATION ET AL. | § | |
| | § | |
| Defendants. | § | |

**UNOPPOSED MOTION TO DISMISS CIGNA CORPORATION
WITHOUT PREJUDICE**

COMES NOW, Plaintiff Symbology Innovations, LLC and files this Unopposed Motion to Dismiss Defendant Cigna Corporation and respectfully moves the Court to dismiss Defendant Cigna Corporation without prejudice.

1. On June 30, 2015 Plaintiff filed suit against Defendants Cigna Corporation, Cigna Health and Life Insurance Company and Cigna Dental Health, Inc. for infringement of United States Patents No. 8,424,752, No. 8,651,369, and No. 8,936,190 (hereinafter "the '752 Patent," "the '369 Patent," and "the '190 Patent").

2. The parties have worked in good faith to resolve the issues raised by Defendant, Cigna Corporation, regarding the proper party to this action.

3. Plaintiff's complaint lists Cigna Corporation as a Defendant in this action.

4. Cigna Health and Life Insurance Company and Cigna Dental Health, Inc. represent that, as best as they presently understand the allegations in Plaintiff's complaint, they are the real parties in interest with respect to the products accused in Plaintiff's complaint (Dkt. No. 1).  For purposes of this

        case only and only with respect to the allegations Plaintiff's complaint (Dkt. No. 1), Cigna Health and Life Insurance Company and Cigna Dental Health, Inc. agree not to argue that Plaintiff should have brought its claim against Cigna Corporation for any purpose.

5. The parties agreed that the dismissal of Cigna Corporation is without prejudice to later adding it back in this case should Plaintiff subsequently learn that Cigna Corporation makes, uses, sells, offers or offers to sell any product or service covered by Plaintiff's asserted claims and act upon such knowledge with reasonable diligence under the circumstances.

6. Plaintiff Symbology Innovations, LLC moves to dismiss Cigna Corporation from this case.

7. Defendant does not oppose this motion.

8. This Motion is not sought for the purposes of delay, but to ensure that the correct parties are properly joined to this action.

Dated: October 14, 2015                                   Respectfully submitted,

                                                  */s/ Jay Johnson*
                                                  **JAY JOHNSON**
                                                  State Bar No. 24067322
                                                  **BRAD KIZZIA**
                                                  State Bar No. 11547550
                                                  **ANTHONY RICCIARDELLI**
                                                  State Bar No. 24070493
                                                  **KIZZIA JOHNSON, PLLC**
                                                  750 N. St. Paul Street, Suite 1320
                                                  Dallas, Texas 75201
                                                  (214) 613-3350
                                                  Fax: (214) 613-3330
                                                  jay@kjpllc.com
                                                  bkizzia@kjpllc.com
                                                  anthony@brownfoxlaw.com

                                                  **ATTORNEYS FOR PLAINTIFF**


## CERTIFICATE OF CONFERENCE

Pursuant to Local Court Rule CV-7(i), I certify that on October 14, 2015, Jay Johnson, counsel for Plaintiff Symbology Innovations, LLC, conferred with Ricardo Bonilla, counsel for Defendant, Cigna Corporation regarding this Motion and Mr. Bonilla does not oppose this motion.

                                                  */s/ Jay Johnson*
                                                  Jay Johnson


## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3)(A) on October 14, 2015.

                                                  */s/ Jay Johnson*
                                                  Jay Johnson